## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**IN RE: THE PETITION OF GEORGE R. BRYANT,**
**Petitioner Below, Petitioner**

**FILED**
**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**No. 23-ICA-322**     (Kanawha County Cir. Ct. 23-P-268)

### MEMORANDUM DECISION

Petitioner George R. Bryant appeals the July 20, 2023, Final Order of the Circuit Court of Kanawha County which denied his petition seeking "court-appointed third-party review" of his biological maternal grandmother's first name. No other parties appeared in this matter.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering Mr. Bryant's arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the lower tribunal's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 3, 2023, Mr. Bryant filed a petition in Kanawha County Circuit Court to obtain his birth mother's original birth certificate. The court entered an order dated January 5, 2023, denying the petition, finding that the law only permits an adoptee to obtain their own birth certificate, not those of family members.[2] The court concluded that Mr. Bryant lacked standing to seek the release of his mother's original birth certificate and dismissed the matter.

On January 20, 2023, Mr. Bryant filed a second petition, this time seeking his own original birth certificate. On April 18, 2023, the court entered an Order granting the release of Mr. Bryant's birth certificate to himself.[3] The court noted that pursuant to West Virginia Code § 48-22-702(b)(2) (2001), it was permitted to grant the release of "identifying information to the adoptee."

---

[1] Mr. Bryant is self-represented.

[2] Kanawha County Action No. 23-P-2.

[3] Kanawha County Action No. 23-P-23.

1

Thereafter, on July 10, 2023, Mr. Bryant filed a third petition seeking "court-appointed third-party review" of his biological maternal grandmother's first name. Mr. Bryant stated that his request was made to validate his research regarding his family medical history in light of his understanding that his biological grandmother often used her middle name on official records. As he had averred in previous requests, all normally involved parties including his birth parents and birth grandparents are either deceased or unknown, and he indicated that he had no other means to discover this piece of information regarding his family history.

By order dated July 20, 2023, the circuit court denied Mr. Bryant's third petition, stating that "no mechanism of law authorizes this Court to appoint a third party to review Mr. Bryant's familial history to verify the name of his grandmother." The order went on to state, "the Court lacks statutory authority to grant the release of identifying information regarding Mr. Bryant's biological grandmother. The Court understands Mr. Bryant's desire to obtain such information. However, the Court lacks the authority to order such relief." It is from this order that Mr. Bryant now appeals.

As this case concerns the application of a statute, our standard of review is de novo. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W. Va. 138, 139, 459 S.E.2d 415, 416 (1995).

In his appeal, Mr. Bryant identifies no assignments of error. To the contrary, Mr. Bryant states, "[t]he lower court is not wrong." Instead, in his brief, Mr. Bryant asks that this Court review his case "in a more subjective lens, as the lower court had to be more focused on the general prescribed as written laws."

Even Mr. Bryant concedes that the applicable statute, West Virginia Code § 48-22-702, does not allow for the relief he is requesting and contains no mechanism for the circuit court to appoint a third-party to review his family history or his birth family's adoption records in order to confirm his biological grandmother's first name. Accordingly, we find no error in the circuit court's denial of his petition requesting the same. While this Court is not unsympathetic to Mr. Bryant's pursuit of information regarding his family medical history, we observe that there is no authority under the law to grant the relief he seeks.

Accordingly, we affirm.

Affirmed.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear